## GLOBE & RUTGERS FIRE INS. CO. v. SKANSI.

Circuit Court of Appeals, Ninth Circuit.
November 25, 1929.

No. 5900.

Cosgrove & Terhune, of Seattle, Wash., for appellant.

Charles T. Peterson, of Tacoma, Wash., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. This is an appeal from a decree reforming a marine insurance policy for $11,300, for one year from date, March 16, 1925, issued by appellant, by inserting therein the name of John Skansi as owner of the Companion, a vessel destroyed by fire, in lieu of the A. & P. Products Corporation, and rendering judgment for a loss on the policy so reformed. This insurance was effected through the agency of Wilbur E. Dow & Co., a corporation, and Burgard, Sargent, Inc., a corporation. The latter acted for and signed the policy on behalf of the appellant insurance company. A charter party having been entered into between the owner, John Skansi, and the A. & P. Products Corporation, whereby the vessel was chartered to the said company from June 1, 1925, to September 15, 1925, at a hire of $2,500, the insurance policy stated the name of the owner to be the A. & P. Products Corporation, although the appellant was then informed and at all times knew that John Skansi was the owner. On October 19, 1925, John Skansi, the owner of the vessel, informed Wilbur E. Dow & Co., that, as the charter party had expired and as he desired to use the vessel in Alaska waters for fishing, he desired that a proper supplement, or rider, be attached to the policy to cover the vessel in view of the changed situation. The policy could have been canceled then by John Skansi or at his instance and the unearned premium recovered, but such unearned premium was paid by John Skansi and was by mutual agreement applied to the unexpired portion of the year, in pursuance of the arrangement then entered into by the owner and the insurance company. It would seem fairly clear that the insurance company should not be permitted to retain the premium paid by John Skansi for this period under an agreement made with him for such extended or continued insurance, and after a loss thereunder escape liability therefor. In view of the power of the owner to terminate the contract at will and retain the unearned premium if unpaid, or recover it if paid, the supplemental agreement or rider was to all intents and purposes a new contract, effected between John Skansi and the insurance company with full knowledge on the part of the insurance company that he was the owner of the vessel. In view of the fact that the insurance company knew of the ownership of the vessel at the time the policy was first issued and was again informed thereof on October 19, 1925, at the time of the issuance of the "rider," and also was informed then that the charter party had expired, it makes little difference whether Wilbur E. Dow & Co. was acting as agent for John Skansi, the appellee, or for the insurance company, appellant. The fact is that the appellant was informed by Wilbur E. Dow & Co. that John Skansi desired to be insured as owner of the vessel, and the rider was issued with that intent and purpose on the part of the insured and the insurer, unless we attribute a fraudulent purpose on the part of the insurance company to so issue the policy that the premium would be paid without any corresponding right on the part of the real owner to recover on the policy, if a loss occurred. Fraud is not presumed, and the conclusion of the trial court that there was a mutual mistake in the execution of the rider is the correct and natural inference to be drawn from the circumstances.

The trial court found as a fact that the insurance company knew of and was informed of the ownership of John Skansi. We have thus stated the facts, notwithstanding the denials of such agent, because the evidence amply supports the finding.

Judgment affirmed.